2/19/2026 10:46 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 111451553
By: Jarod Stirrup
Filed: 2/19/2026 10:46 AM

**EXHIBIT A-1**

CAUSE NO. _____

| | | |
|---|---|---|
| BOBBY JOE GONZALES, JR. | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| *VS.* | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| UBER TECHNOLOGIES, INC. D/B/A | § | |
| UBER, AND  RAISER, LLC | § | |
| | § | |
| *Defendants.* | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, BOBBY JOE GONZALES, JR., Plaintiff herein, complaining of and about UBER TECHNOLOGIES, INC. D/B/A UBER, and RAISER, LLC (hereinafter referred to as Defendants") for cause of action and grounds for relief, Plaintiff would respectfully show unto this Honorable Court and Jury the following:

### I.    DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery in this matter under Level 2 of the Texas Rules of Civil Procedure.

### II.    PARTIES AND SERVICE

Plaintiff Bobby Joe Gonzales, Jr. is an individual who resides in the State of Texas.

Defendant UBER TECHNOLOGIES, INC. (hereinafter "UBER") is a foreign for-profit corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 800 Market Street, San Francisco, California 94102, and may be served with process through its registered agent, CT Corporation at 1999 Bryan Sreet, Suite 900, Dallas, Texas 75201-3136.

1

Defendant RAISER, LLC (hereinafter "RAISER") is a foreign limited Liability company organized and existing under the laws of the State of Delaware with its principal place of business office located at 182 Howard Street, # 8, San Francisco, California 94105, and may be served with process through its registered agent, CT Corporation at 1999 Bryan Sreet, Suite 900, Dallas, Texas 75201-3136.

### III.    JURISDICTION AND VENUE

This court has personal jurisdiction over UBER and its subsidiary alter ego RAISER. The court has personal jurisdiction over UBER and RAISER as they are engaged in business and have purposefully availed themselves of the privilege of conducting business in Harris County and in the State of Texas. Continuously and systematically since 2012, UBER and RAISER have contracted with residents of Texas who are drivers and for the purpose of providing services in Texas and in Harris County. Continuously and systematically since 2012, UBER and RAISER have contracted with residents of Texas and in Harris County who seek and receive car services from drivers in and around Texas communities. The potential claims in this case arise from or relate to UBER and RAISER's contacts with Texas such that those contacts with Texas are substantially connected to the operative facts of this suit.

Venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code Sec. 15.002(a)(1) because it is the county in which all or a substantial part of the events or omissions giving rise to this claim occurred.

### IV.    STATEMENT REGARDING MONETARY RELIEF SOUGHT

The amount of Plaintiff's damages is substantial and well in excess of the jurisdictional limits of this Court. Plaintiff seeks monetary relief over $1,000,000.00 (one million dollars) or more and will fall within the limits set out in Texas Rule of Civil Procedure 47(c).

Plaintiff also seeks judgment for all other relief to which Plaintiff is entitled. Plaintiff expressly reserve the right to amend this Rule 47 statement of relief if necessary.

## V.    FACTS

On October 13, 2024, Bobby Gonzales was an Uber ride passenger in a vehicle driven by Yeisel Gonzalez Morera. The vehicle stopped at the intersection of 9700 Block of Sheldon Rd and 17200 Block of Blairwood Dr, waiting to turn left. A second vehicle was stopped behind the Uber vehicle, also waiting to make a left turn at the intersection. At the same time, Edgar Enciso was driving northbound on the same road, when he failed to control his speed and struck the vehicle behind Plaintiff's ride vehicle and pushed it into the back of the Uber vehicle in which Plaintiff was a passenger. The force of the impact totaled the vehicle that struck Plaintiff's vehicle.

Edgar Enciso was driving excessively fast and failed to control his speed and/or keep a safe distance from the vehicle in front of his vehicle.

At such time, Plaintiff was protected against loss caused by bodily injury and/or property damage resulting from the ownership, maintenance or use of an uninsured motor vehicle by a policy of insurance issued by Defendant UBER TECHNOLOGIES, INC., and RAISER, LLC.

The collision described above, and the resulting injuries and damages suffered by Plaintiff, were proximately caused by the negligent conduct of uninsured/underinsured driver Edgar Enciso, while Plaintiff was a passenger in a vehicle operating for Defendants UBER TECHNOLOGIES, INC., and RAISER, LLC, at the time of the accident which caused him the injuries and damages described above. Plaintiff is a class person covered by Defendants' insurance, for accidents of this type and for injuries and damages suffered, as required by TX Ins. Code § 1954.052.

## VI. PLAINTIFF'S CLAIM OF NEGLIGENCE

Plaintiff incorporates and re-alleges the allegations of all previous Paragraphs, as fully set forth verbatim.

Defendants and uninsured/underinsured motorist had a duty to exercise the degree of care that reasonably careful persons would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by negligence, careless and reckless disregard of said duty.

Plaintiff alleges that the uninsured/underinsured party was negligent generally and in one or more of the following ways at the time of the incident made the basis of Plaintiff's claim:

a. In disregarding a traffic control device;
b. In failing to maintain an assured safe distance;
c. In failing to control the speed of her vehicle;
d. In failing to observe posted speed limits and speeding in excess of the limits;
e. In failing to timely apply the brakes to her vehicle;
f. In failing to take proper evasive action;
g. In disregarding a traffic control device;
h. In failing to keep a proper lookout;
i. In failing to operate her vehicle in an attentive manner;
j. By operating her vehicle in a reckless and unsafe manner in conscious disregard of the Plaintiff s safety and welfare; and
k. Other violations of State and Federal traffic laws.

As a direct result of the impact made the basis of this suit, Plaintiff suffered severe injuries.

## VII. PLAINTIFF'S CLAIM TO UBER TECHNOLOGIES, INC., AND RAISER, LLC.

Plaintiff incorporates and re-alleges the allegations of all previous Paragraphs, as fully set forth verbatim.

Since the uninsured/underinsured party's negligence was a proximate cause of the occurrence, and he failed to maintain financial responsibility in a sufficient amount to pay all damages proximately caused by her negligence, Plaintiff made a claim with Defendants UBER TECHNOLOGIES, INC., and RAISER, LLC's  policy of insurance issued by Defendant UBER

4

TECHNOLOGIES, INC., and RAISER, LLC, which covers the UBER passengers as required by TX Ins Code § 1954.052.

Plaintiff sues Defendants UBER TECHNOLOGIES, INC., and RAISER, LLC, herein, or all damages and policy benefits to which he is entitled as a result of being involved in a motor vehicle collision proximately caused by the negligence of an uninsured/underinsured driver.

## VIII. DAMAGES FOR PLAINTIFF

Plaintiff incorporates and re-alleges the allegations of all previous Paragraphs, as fully set forth verbatim.

As a result of the underinsured/underinsured driver's conduct, Plaintiff was severely injured. Plaintiff therefore seeks to recover those damages provided by law, which include:

a. Physical pain and mental anguish in the past;
b. Physical pain and mental anguish in the future;
c. Physical impairment in the past;
d. Physical impairment in the future;
e. Medical expenses in the past;
f. Medical expenses in the future;
g. All reasonable attorney fees, as more particularly described below;

1. Pre-judgment interest at the maximum rate allowed by law;
2. Post judgment interest at the maximum rate allowed by law; and
3. All costs of Court.

Plaintiff has suffered damages from Defendants' wrongful conduct described herein.

As discussed in this Petition, Plaintiff has suffered not only easily quantifiable economic damages but also other forms of damages such as mental anguish and pain and suffering and will likely continue to suffer these damages in the future. It will ultimately be the responsibility and province of a fact finder of Plaintiff's peers to decide the economic value of the damages Plaintiff suffered as a result of Defendants' wrongful actions and omissions which form the basis of this lawsuit.

## IX. <u>AUTHENTICATION OF DOCUMENTS</u>

Plaintiff gives actual notice to Defendants, that any and all documents produced by Defendants during discovery may be used against the Defendants, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## <u>PRAYER</u>

Plaintiff seeks all legally recoverable damages, including pre-judgment and post-judgment interest. Plaintiff's damages at this time are in excess of the minimal jurisdictional limits of this Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays the Defendants UBER TECHNOLOGIES, INC., and RAISER, LLC be cited to appear and file an answer herein and that upon final hearing hereof he have judgment against Defendants for his damages, prejudgment and post- judgment interest as allowed by law, costs of court, and for such other and further relief, general or special, at law or in equity, to which he may show just entitlement.

Respectfully submitted,

**MORRELL LAW FIRM, PLLC**

*/s/ Christopher Morrell*
CHRISTOPHER L. MORRELL
Texas State Bar No. 24077383
3730 Kirby Drive, Suite 1030
Houston, Texas 77098
Phone: (833) 667-7355;
Fax: (713) 322-5998
Email: cmorrell@themorrellfirm.com

**ATTORNEY FOR PLAINTIFF**

6

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christopher Morrell on behalf of Christopher Morrell
Bar No. 24077383
cmorrell@themorrellfirm.com
Envelope ID: 111451553
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 2/19/2026 11:23 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christopher Morrell | | cmorrell@themorrellfirm.com | 2/19/2026 10:46:09 AM | SENT |
| Diana GWard | | dward@themorrellfirm.com | 2/19/2026 10:46:09 AM | SENT |
| Mariselma Ayala-Stephens | | mayala-stephens@themorrellfirm.com | 2/19/2026 10:46:09 AM | SENT |